## No. 11,555.

### SUCCESSION OF ROBERT H. SHORT.

This court will not consent to looseness in the manner of bringing up an appeal, and when such a condition occurs will not proceed to judgment in the case. Although no motion to dismiss be made, the court will dismiss the appeal.

APPEAL from the Civil District Court for the Parish of Orleans. *Ellis, J.*

On May 4, 1894, Florence Simms filed in the succession of R. H. Short a petition to the District Court in which she alleged that she had been fully emancipated by the court on May 1, 1894; that she was aggrieved by the judgment of July 14, 1891, annulling and setting aside the last will of Short, executed by Zengle, notary (*vide* 46 An. 452); that in said will she was named as one of the legatees of the deceased; that his estate exceeded the sum of forty thousand dollars, and that she desired to appeal, and prayed to be permitted to appeal, to this court from said judgment.

In the petition for appeal there is no mention made of the various parties to the suit, nor of their interest or capacities, nor is there any prayer for citation. No citation was made. The various attorneys accepted service and waived citation; this constitutes the only evidence going to show that there are appellees before the court.

---

*F. Rivers Richardson* for Executor *et als.*, Appellees.

---

*Rice & Montgomery* for Florence Simms, Applicant, Appellant.

---

The opinion of the court was delivered by

NICHOLLS, C. J.   Appellant states that she is a legatee under the Zengle will, but she does not mention the amount of her legacy, nor that of the ultimate interest, real or supposed, in that succession, which would be affected by the reversal of the judgment appealed from.

The various attorneys who signed the acceptance of service and waiver of citation do not state in whose behalf they did so. A reference made by ourselves to the Zengle will shows that appellant was a special legatee under it to the extent only of one thousand dollars. What her situation would be were the residuary clause in the will maintained, we can not say nor have we been shown. Another matter has attracted our notice. It is the fact that appellant was a party to and represented in the suit which resulted in 1891 in the judgment appealed from.

We can not consent to the looseness with which this appeal has been brought before the court.   Were we to proceed to judgment in this matter we feel that we would be on uncertain ground, both as

to our jurisdiction as to amount and as to whether all parties whose rights are to be affected are before the court; besides this, the right of appeal of this emancipated minor, at this late date, under the circumstances of this case, is by no means certain. There has been no motion made to dismiss, but as matters stand, and with the lights before us, the only disposition we can make at present of the appeal is to dismiss it.

It is hereby ordered and decreed that the appeal taken herein be and the same is hereby dismissed.

MILLER, J.; recused.